## In re Zelinsky

*V. D. Rose,* for Commonwealth.

*C. H. Welles, 3d,* for guardian of incompetent.

LEWIS, J., January 3, 1934.—The Commonwealth of Pennsylvania filed its petition and obtained a rule against Scranton-Lackawanna Trust Company, guardian of the estate of Veronica Zelinsky, a person of incompetent mind, to show why the sum of $384 expended by the Commonwealth in behalf of the said Veronica Zelinsky, an inmate of the Hillside Home, should not be paid; also, why a continuing order should not be made to the Commonwealth in such amounts as may accrue in the future. The amount of the estate in the hands of Scranton-Lackawanna Trust Company is somewhat over $2,000. By an order of this court under date of February 10, 1933, Mary Zelinsky, mother of Veronica Zelinsky, was allowed the sum of $20 per month for her maintenance and support out of the fund now in the hands of the guardian of the estate of Veronica Zelinsky. Under agreed statement of facts filed in this case, signed by respective counsel, being designated number 10, the following facts appear:

"The said Mary Zelinsky, mother of said Veronica Zelinsky, is in need of $20 per month assistance from the estate of Veronica Zelinsky for her support and maintenance."

We are confronted with the claim of the Commonwealth of Pennsylvania. Section 6 of the Act of June 1, 1915, P. L. 661, provides as follows:

"All claims by the Commonwealth for maintenance, as herein provided, in the distribution of any of the estate of any person so maintained, shall take precedence and be paid after other claims which by law are now given precedence, and before any claims of general creditors."

We are also confronted by the duty of a child to support an indigent parent. Under the present economic conditions in this county, it seems that in the final analysis the State is paying for the relief and is maintaining and supporting an indigent person. Whereas there appears to be such a fund on hand for the purpose, we feel under equitable powers that both the Commonwealth and the indigent mother can be taken care of until further order of this court. We have therefore concluded to allow the Commonwealth of Pennsylvania the sum of $384 and a further payment of $2 per week up to the date of the order of this court. No order is made for future payment, however, without prejudice to the Commonwealth of Pennsylvania to apply to this court periodically for a future order. The order heretofore made by this court on February 10, 1933, for the payment of the said sum of $20 unto Mary Zelinsky, mother of Veronica Zelinsky aforesaid, shall remain in force until further order of this court.

From William A. Wilcox, Scranton, Pa.